Good morning, and may it please the court. Ken Miller on behalf of Dyke Edward Nelson. Your honors, there's three points that I hope to make this morning. First is that Mr. Nelson is entitled to an evidentiary hearing on the record as it exists, based on the March 9, 1989 Marsden request. When you look at that request in the record, well, you can't see the request because it's not there. I'm a little confused here. Marsden is California law. Yes, your honor. So even if the Superior Court trampled all over Marsden, I can't see why it would matter on the habeas. You need a Supreme Court decision that the California court acted contrary to. Your honor, under Shelby Whittock, if the denial of his request for substitute counsel violated his Sixth Amendment rights, then he's entitled to habeas relief. And the case is cited therein. Basically, Shelby Whittock lays out the standard that you need to have a reasonable inquiry in response to a Marsden request. When you look at the Superior Court's response to the March 9, 1989 Marsden request, there is no inquiry. There is no question. The court doesn't ask any. Based on that alone, this case needs to have an evidentiary hearing. The problem being that the district court didn't ask questions? The Superior Court. I'm sorry, the Superior Court. Yes, your honor. It didn't conduct a reasonable inquiry because it didn't do anything. It said, I've read your motion. I've considered it. Based on all the facts before me, I am denying the motion. There is no inquiry there. He announces that he has balanced the interest, that he was a witness to things that went on, the snout, the alligator mask incident, the tussle over the rifle, that he's observed to counsel and has considered all of those things. Now, why, when we've got somebody who's got a front row seat for all of these proceedings, do we then have to fault him for not having done something more? Two reasons. One, in Shell, the court pointed out that these types of claims are particularly appropriate for an evidentiary hearing because it depends on things that happen off the record. The lack of communication is not something that happened while Mr. Nelson and Mr. Lopez were sitting in court. Are you talking Shell or Ninth Circuit case? Yes, your honor. Okay. That is. I'm still not clear which Supreme Court case you're talking about. I'm sorry, your honor. If I can. It has to be contrary to Supreme Court authority, not Ninth Circuit authority. I understand that, your honor. But in the Ninth Circuit says it is well established and clear that the Sixth Amendment requires on the record an appropriate inquiry into the grounds for such a motion and that the matter be resolved on the merits before the case goes forward. The court cites Smith v. Lockhart, which is another Ninth Circuit case, but above that it refers to Ensminger v. Iowa and Gigeon v. Wainwright. Look, in Musladin, we cited a string of Ninth Circuit authority. Yes, your honor. And developed it further. And then the Supreme Court reversed this. They said your Ninth Circuit interpretations of our Supreme Court decisions aren't enough to overturn a habeas. You need a Supreme Court holding. Your honor. That's what I want. I'm sorry, your honor. I cannot give you that at this moment. And that is certainly my fault since this is a habeas action before this court. I do have an en banc Ninth Circuit case explaining what the Sixth Amendment and the Supreme Court require. I would request the opportunity to submit supplemental briefing on that issue, and I apologize for not having it done sooner. Nonetheless, I do believe that relying on an en banc Ninth Circuit case is a good place. It is a reliable source to find Supreme Court law and the interpretation of the Sixth Amendment. And under this case, we need to have an evidentiary hearing that cuts right to the Sixth Amendment issue. Yes, your honor. We always get into the question here, you know, what level of abstraction can we deal with. You mentioned Gideon. Gideon requires that counsel be provided.  And then if counsel is so irreconcilably at odds that it can't function, then counsel has been denied. But how far we can go in creating implications from the Supreme Court decision is a constant question in these cases. Your honor, I feel terrible right now because the case that this all stems from is on the tip of my tongue. I know there's a man in the back of the courtroom who is probably screaming right now. It's your basic right to the effective assistance of counsel. Because if the failure to communicate results in an attorney-client relationship that violates your Sixth Amendment right to counsel, then that is the violation. I'm sorry, your honor. I'm really not being very helpful. There may be something strange about AEDPA which says that if the state does something that clearly violates the Constitution, that's okay. It has to violate a Supreme Court decision. That sounds peculiar to me. Counsel, one of the reasons that we're concerned about this is that our job is not to sit on direct appeal and correct any error that we might think we find in California. There was an opportunity here for Mr. Nelson to take a direct appeal from his California decision to the Supreme Court to say, please establish it clearly so that others can get AEDPA relief in the future, that I'm entitled to a hearing when I have a marginal request in California. And we're not entitled to establish that here. So that's why the emphasis on what Supreme Court case, what did California clearly misunderstand? Two things, your honor. One is there's a claim for ineffective assistance of appellate counsel for not raising this. That's why it wasn't raised. Second, under Shelby Whittock, it's recognized that this claim depends a lot on what is not in the record. And because it depends a lot on what is not in the record, it's not appropriate for direct review. Did I miss something in Shell? It looked to me as though what we said there was a state court has no discretion to ignore an indigent defendant's timely motion to relieve an appointed attorney. And what happened was, unless I'm mixed up on which motion is which, which is possible, the trial court never ruled on the motion. That's correct, your honor. So it's not like this case where the trial court considered and spoke to the motion at some length. No, your honor, the situations are different. There's no ruling on the motion for substitute counsel. No, in this case there was. And Shell is a Ninth Circuit case. Yes. But, your honor, it says two things. It says you have to have a reasonable inquiry and you have to have a ruling on the motion. In this case, we have the ruling on the motion without a reasonable inquiry. So what you want us to do is instead of granting the petition because it was contrary to a holding of a Supreme Court decision, grant the petition because it was contrary to dicta in a Ninth Circuit decision. No, grant it because it was contrary to the United States Constitution, which is the basis for this habeas action. Yes, your honor. There were two Marsden motions. Yes. Was there a hearing with regard to either one? There was a hearing with regard to the first motion, and that was on December 12th, 1988, prior to the trial starting. That record was not produced, and I would request that this court order that it be produced pursuant to habeas rule 5C. I believe it's incumbent upon the Attorney General to produce the record or tell us which parts of the record are not available. This is a – it's under seal, but it is available. Okay. So there's a hearing on the first motion. Yes. The motion on which there wasn't an evidentiary hearing is the second motion. Yes, your honor. Which – and everything that was done on that motion is in the record. Yes, your honor, except for the motion itself. The motion itself is not in the record, and it was, we submit, left out of the record. That appellate counsel actually hindered Mr. Nelson by agreeing to take that out of the record. It was originally – I don't get this. Yes, your honor. You say the Attorney General should produce it. Yes. It was under seal. Yes. Well, the person it was under seal from is the Attorney General. When a defendant has a fight with his lawyer, it's put under seal so that the prosecutor can't read the details of the fight. That's a good point, your honor. However, the AG is aware that the transcript is there. So why don't you go to the state court, or why didn't you or your predecessor, whoever was this fellow's lawyer, go to the state court within the last five or ten years and file your motions there? Because we – number one, I've been down to the state court, and I've seen the record, and it should be produced so that this court can consider it. That record in and of itself is not sufficient in order to get what we found. It was in a brown sealed envelope that was the transcript of the first hearing? Yes, your honor. So why didn't you make a motion in state court to let you see and copy what was in the brown envelope? The reason is because this case has been subject to a motion to dismiss since the entire time it's been in district court. There's been no opportunity to expand the record, number one. Number two, once we have that opportunity, we can submit the record. I thought the district judge said it had been pending there for six years. Your honor, the district judge said that. The first three – the case is actually ten years old. The first three years you have a pro per fighting where he files discovery motions and a request for an evidentiary hearing. The next four years it's on appeal to the Ninth Circuit, and Mr. Nelson wins. The next three years it is complete – it is subject to a motion to dismiss the entire time, and that is why the record was not expanded previously. And I see that my time is up. Thank you. Figure on getting one minute for rebuttal anyway, even though your time is up. Thank you, your honor. Thank you, counsel. Good morning, your honor. Counsel. May it please the court. Deputy Attorney General Sara Farhat on behalf of Respondent Annapoli Teresa Schwartz. I can't hear you. I'm sorry. I'm sorry. Deputy Attorney General Sara Farhat on behalf of Respondent Annapoli Teresa Schwartz. Your honors, the district court did not abuse its discretion in not holding an evidentiary hearing or ordering discovery in this case for three reasons. Going first to the evidentiary hearing issue. An evidentiary hearing was not necessary because the factual basis underlying the Marsden claims was developed below, and that factual basis is contained in the December 12, 1988 transcript, which is sealed, in the March 9 Marsden letter and in the proceedings that occurred in open court in response to that letter. So quite simply, your honors, there's no need for an evidentiary hearing because there's no additional factual basis that needs to be developed. Now, your opponent says that there should have been a hearing because there's a problem of what counsel was doing off record. In other words, the relations between counsel and client that weren't apparent in court. Your honor, that petitioner, it was incumbent upon petitioner to raise any of those issues before the trial court. A Marsden hearing is unique in that all the trial court has to go on is whatever factual allegations or complaints the defendant has with his attorney and anything that that superior court judge has observed up until that point. So if there was something that occurred outside of the court's presence and that the petitioner was concerned about, it was incumbent upon him to raise it at that time. And you're saying it wasn't raised either in the state court or the district court? I'm sorry, your honor. It was not raised in the state court or the district court? Or it was raised in the district court but hadn't been raised in the state court? You're speaking of the additional... When was the failure to raise that issue? Where did it occur? Your honor, it occurred at the trial court. It occurred in all of the petitioner's post-conviction petitions for relief. Marsden is unique in that it's the petitioner's complaint. It's his belief of what counsel is doing wrong, and so it's his job or duty to make sure that the trial court is aware of that or that the state court is aware of that. Now, for an evidentiary hearing under 2254E2, the statute reads that if the applicant has failed to develop the factual basis of the claim in state court, et cetera, et cetera. Now, the factual basis in state court was developed in these two requests and hearings. And I know counsel has argued that there wasn't a hearing on this second, the March 9 request, but there was a hearing. The matter was addressed in open court. The judge stated that he had read the letter, that he had observed trial counsel up until that point, that he was taking into account all of those things, and that based on what he had seen, that he was denying that request. Now, if petitioner had additional grounds or anything other specifically that he wanted to raise to the trial court, he should have requested the in-camera proceeding, and he didn't do that here. So absent a request to do that, I think that which, again, it's petitioner's responsibility to do that, really an evidentiary hearing at the district court level wasn't necessary. Second, my second point, even assuming that a factual basis wasn't developed for the sake of argument, that a factual basis wasn't developed, petitioner fails or failed in the district court to make a prima facie showing, demonstrating entitlement to habeas relief. He failed to allege any specific facts supporting the denial of the Marsden claim or the IA appellate counsel claim. All he says with regard to the Marsden claim is that he lacked trust in his trial counsel, and other, they're not coming to me at the moment, but other generalizations of conflict, and he doesn't specify exactly what the problem was. And for habeas relief, it's insufficient to show. Is the judge entitled to say, look, I don't care what happened off the record, I've seen the counsel's representation here in court, and I'm satisfied that it's effective? Well, Your Honor, I think that it would behoove the trial court to consider any instances that the petitioner wished to raise on or off the record. If the petitioner had raised the off-the-record conduct that he's alleging here, the trial court properly should have considered that, but it's not clear that he raised those issues. So I think it's inappropriate to look at those and say, well, you know, after reviewing the entire record, and now with hindsight looking back, trial counsel did all these additional things, you know, but there's no evidence that the trial court knew about them. And so it's improper to look at the trial court's denial of the request absent, without knowing whether or not the trial court knew about all these other instances that the petitioner raises on appeal. Finally, Your Honors, with regard to the evidentiary hearing issue, assuming that additional facts needed to be developed and assuming that petitioner... Have I got this right before you get to that? Sure. In the state court, was there an opportunity, if this fellow had some particular problem with his lawyer, to tell the judge what his problem was in secret from the prosecutor, and if it was something that needed oral development to have a hearing out of the presence of the prosecutor so that he could say what kind of conflict of interest or irretrievable, irreconcilable breakdown or whatever the buzzwords of the federal constitutional standard are? Absolutely, Your Honor. That's the whole nature of the Marsden. And we've got one transcript that the defendant did not put in the record. The judge thought both sides should have been eager to get it and put it in. Neither side did, but he figured the defendant had the burden. Is that right? That's the way the district court's reasoning on that, Your Honor. There was that sealed transcript, and the attorney general's office could have sought it, too. Your Honor, I'm not sure about that because... Did it try? We wouldn't have been given, it would never have come to us because it was sealed. Under the rules of, under the California rules... So what you're doing is saying you would have lost. I'm sorry, Your Honor. You're saying you didn't ask for it because you thought the judge would have said no. We didn't request the Marsden transcript from the California Court of Appeal because under the California rules of court, the only people entitled to sealed proceedings are the parties to those proceedings and the reviewing court. So even, I mean, we would never have asked for it unless the issue,  only then would we have requested the transcripts in order to respond to the petitioner's arguments. It's not something that we would, excuse me, we would have requested on our own. That first transcript, the one that you didn't see, did the briefs indicate that the defendant had an opportunity to talk to the judge personally outside the presence of the prosecutor? Our briefs on appeal? Your brief wouldn't matter because you've never seen it. It would be the other side's brief. If you don't know, just say so. I'm not sure I understand your question. I want to know if this fellow, Nelson, ever had a chance to talk to the judge about what his problems with his lawyer were. You know, Your Honor, according to the petitioner's, the appellant's brief, it seems like he did. He was given the opportunity to speak with the judge. And I recall in the district court in the fifth amended petition, or in one of the amended petitions, he explained that he didn't have a sufficient opportunity to do that because he was nervous and intimidated and whatnot. But the opportunity was there. He was given the opportunity. The prosecutor left the room. He was present in court with his attorney and the trial court. And that's the opportunity under the Marsden case and under, you know, the Marsden case that that's the opportunity he was given. Whether or not he takes it, I mean, it's up to him. Just briefly, Your Honor, with regard to the discovery issue, the district court did not abuse its discretion in not ordering discovery because despite petitioner's arguments, he could have requested discovery at any point after the proceedings or the pleadings rather had been settled. Granted, there were several motions to dismiss, and we ended up going to a fifth amended petition. But once that fifth amended petition was made operative and found fully exhausted, and even once the return had been filed, petitioner still had several months to file a request for discovery. He could have filed it at the very least concurrently with his traverse, and he could have sought leave of court to file that request after the traverse had been filed, notwithstanding the district court's scheduling order. So, Your Honor, in summation, I would just like to say that petitioners failed to show that there was any abuse of discretion by the district court in not holding an evidentiary hearing or in ordering discovery in this case. Thank you, Counsel. Thank you, Your Honor. Counsel, although you had used up your time, we want to give you a minute for rebuttal. Great. Thank you, Your Honor. Just two points. One is that there is no factual basis for the denial of the mid-trial Marsden motion because we don't know what the letter said. The letter is not available. We needed an evidentiary hearing to figure out what it said. Without that, there's no factual basis. When you say the letter is not available, that means it's been lost or something? Apparently it's been lost, but with court process, we might be able to get it back or with an evidentiary hearing reconstruct it. I think it's important to note that Mr. Nelson, for as long as I've known him, has been confined in mental institutions, has suffered from blackouts, is on heavy medications, and is just not a person that I can go back and talk to and find out what was there. I need court process in order to put back together that March 9, 1989 letter, number one. Number two, as far as the last point on discovery, the pleadings were never set until the judge ordered briefing closed. We were subject to a motion to dismiss the entire time. Finally, the judge says, no, you've got to file a return, but then briefing's closed until further notice. It was never an opportunity to file the discovery motion. Thank you. Thank you, counsel. Nelson v. Schwartz is submitted.
judges: Canby, Kleinfeld, Bybee